## D. L. Green, Receiver, Appellant, v. John M. O'Day, Appellee.

### Gen. No. 25,044.

1. APPEAL AND ERROR, § 1000*—*when exclusion of document not reviewable.* The propriety of the court's ruling in excluding a document cannot be determined on appeal where the document is not preserved in the record.

2. BANKS AND BANKING, § 35*—*stockholder's liability under foreign statute.* In an action by the receiver of a State bank of Florida against a stockholder, a resident of Illinois, to recover under the Florida statutes an amount equal to the par value of such stock, it cannot be assumed that the mere appointment of the receiver rendered defendant liable for the par value of his stock, the statute holding the stockholders "responsible equally and ratably and not one for another," where it does not appear on what ground the receiver was appointed, or whether the bank's liabilities exceeded its assets, or whether the stockholders' liability was fixed by the comptroller, or whether, if fixed, it was fixed to the full amount of the par value of their stock, or that a different construction has been given the statute by the Florida courts.

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed March 9, 1920.

ADAMS, CHILDS, BOBB & WESCOTT, for appellant.

ULYSSES S. SCHWARTZ, CHARLES P. SCHWARTZ and C. K. SCHWARTZ, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action by the receiver of a State Bank of the State of Florida against one of its stockholders, a resident of this State, and owner of 10 shares of its capital stock, of the par value of $100 each, to recover under the statutes of the former State an amount equal to the par value of said stock.

The case was submitted to the court without a jury, and the finding and judgment were against the plaintiff upon his own evidence, defendant offering none.

The only pleading is the second amended statement of claim, all prior pleadings having been stricken and defendant having been excused under a rule of the court from filing an affidavit of merits. Plaintiff was thus required to prove the material averments in his statement of claim and contends on this appeal that the proof adduced entitled him to judgment, which is the main question before us. He also questions the court's ruling in excluding his offer of a certified copy of the record of a "similar case" brought by the receiver in Florida against the president of said bank but to which defendant was not a party. It is enough to say as to such ruling that as the document offered is not preserved in the record its relevancy and the propriety of the court's ruling cannot be determined.

Plaintiff's case consisted merely of proof of defendant's status as a stockholder as aforesaid, a certified copy of the order of a Florida court confirming, on the motion of the State comptroller, the latter's appointment of said receiver, and section 1, ch. 6809 of the Acts of 1915 of the State of Florida, and section 20, ch. 3864 of the laws of that State, approved June 7, 1889, which relates respectively to the comptroller's power to take possession of a State bank and appoint a receiver, and to the liability of its stockholders.

While there were averments in the statement of

claim of the matters so proven, other averments were not proven, among them:

"That the contracts, debts, and engagements of the said bank * * * are in excess of the assets thereof, plus a sum of money equal to the amount of the capital stock of said bank at its par value; that the liability of the said stockholders of said bank has been fixed by the comptroller of currency in accordance with the method prescribed by the statutes of the State of Florida, above referred to, and that the said comptroller of currency has determined that each stockholder is liable for the full amount of the par value of the stock held by him."

It was evidently plaintiff's theory in making such allegations that proof of such matters was essential to the right of recovery, especially when taken in connection with said section 20, which provides:

"The shareholders of every banking association organized under this act shall be held individually responsible, equally and ratably and not one for another for all contracts, debts and engagements of such association to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such shares."

Said section 1, ch. 6809, provides that the State comptroller may when satisfied from evidence that among other things a bank "is in an unsound condition or threatened with insolvency * * * or that its liability exceeds its assets * * * appoint a receiver to take charge of the assets and affairs of such bank," who is empowered by the act to do certain things "under the direction and supervision of the comptroller," among them, to "sue for and enforce the individual liability of the stockholders."

One of the averments in the statement of claim is that pursuant to chapter 6809, the comptroller entered an order appointing plaintiff receiver as aforesaid and authorizing him to collect from the stockholders to the full extent of the amount of their stock, and plain-

tiff offered in evidence a document referred to as the original order of the comptroller appointing him receiver. The order as pleaded recites as facts many of the matters alleged as such in the above-quoted unproven averments. While the court reserved its ruling as to its admissibility, it did not in fact rule thereon and was not afterwards asked to make a ruling. Accordingly the document does not appear in the bill of exceptions either as evidence or in the form it was offered. While no error is urged with respect to this matter, it suggests an effort on plaintiff's part to prove matters he deemed material to his cause of action and makes significant the absence of any proof of them. It does not appear upon what ground the comptroller appointed the receiver or whether the bank's liabilities exceeded its assets or whether the liability of the stockholders was fixed by the comptroller or whether if fixed they were fixed to the full amount of the par value of their stock. Regardless of any other question argued on this appeal, we think it cannot be assumed that the mere appointment of the receiver without proof of some one or more of these matters rendered defendant liable for the par value of his stock when the statute holds the stockholders "responsible equally and ratably and not one for another."

Under a similar federal statute containing the same language as quoted from said section 20 and conferring similar powers upon the comptroller of the currency, it was said in *United States v. Knox*, 102 U. S. 422:

"In the process to be pursued to fix the amount of the separate liability of each of the shareholders, it is necessary to ascertain (1) the whole amount of the par value of all the stock held by *all the shareholders;* (2) the amount of the deficit to be paid after exhausting all the assets of the bank; (3) then to apply the rule that each shareholder shall contribute such sum as will bear the same proportion to the whole amount of the

deficit as his stock bears to the whole amount of the capital stock of the bank at its par value.''

In *Kennedy v. Gibson,* 8 Wall. (U. S.) 498, it was said that under said federal statute the receiver is the instrument of the comptroller and that:

''It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and if only a part, how much, shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. * * * This action on his part is indispensable whenever the personal liability of the stockholders is sought to be enforced, and must precede the institution of suit by the receiver. The fact must be distinctly averred in all such cases, and if put in issue must be proved.''

Such a fact was put in issue here and we think proof thereof in some form was necessary to maintain the action. There is nothing in the record tending to show that the comptroller took any such action, or that the Florida courts have given a different construction to the act, whose language with respect to the matters discussed is almost identical with that of the federal statutes construed as aforesaid.

The judgment will, therefore, be affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE MATCHETT and MR. JUSTICE GRIDLEY concur.